# EXHIBIT A

IN THE COURT OF COMMON PLEAS
OF PIKE COUNTY, PENNSYLVANIA

SAMANTHA SAYLES, individually          :
and on behalf of all others
similarly situated,                    :

    Plaintiffs,                        :          NO.: 884 - 2016

    vs.                                :          JURY TRIAL DEMANDED

Allstate Insurance Company             :

    Defendant                          :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## CLASS ACTION COMPLAINT

    Plaintiff, Samantha Sayles, individually and on behalf of all other persons similarly situated, by counsel, allege the following for their class action complaint against the Defendant.

## INTRODUCTION

    1. Plaintiffs, individually, and as class representative for all similarly situated individuals, are insureds covered by auto insurance policies issued by defendant Allstate Insurance Company in Pennsylvania and in accordance with Pennsylvania law which provide medical benefit coverage in the event that an insured suffers injuries as a result of a motor vehicle accident.

    2. Plaintiffs, individually, and as class representative for all similarly situated individuals, suffered injuries as a result of a motor vehicle accident.

    3. Plaintiffs sought and underwent medical treatment for those injuries.

4. Defendant Allstate Insurance Company did not pay Plaintiffs' medical billing for those injuries.

5. Defendant Allstate Insurance Company ordered Plaintiffs to submit to an insurance physical exam without showing good cause to a Court, and without Court Order directing Plaintiffs to submit to an insurance physical exam.

6. Defendant Allstate Insurance Company also refused to pay Plaintiffs' medical benefits until the improper insurance physical exam was completed, even though there was no Court Order compelling Plaintiffs to submit to an insurance physical exam or good cause having been shown by Defendant for Plaintiffs to submit to an insurance physical exam.

7. As a consequence, the Plaintiffs, and other members of the class they seek to represent, are entitled to judgment ordering Defendant to pay the medical billing which Allstate Insurance Company has not paid and to recover from the Defendants their damages, penalties, punitive damages, attorney fees, interest, costs, and other such other and further relief as this Court may deem just and proper.

**PARTIES**

8. Plaintiff, Samantha Sayles, is an adult individual, sui juris.

9. Defendant Allstate Insurance Company (hereinafter "Allstate") is a corporation duly authorized and licensed to

issue insurance policies and conduct business in the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

10. This court has personal jurisdiction over this action as Defendant Allstate Insurance Company is authorized to conduct business in the Commonwealth of Pennsylvania and has continuous and systemic contacts with the Commonwealth of Pennsylvania in that the defendant conducts business and has substantial sales in the Commonwealth of Pennsylvania.

11. That the Commonwealth of Pennsylvania has specific jurisdiction over the Defendant as the cause of action herein arises out of the defendants' forum-related activities in having sold the insurance policy into the Commonwealth of Pennsylvania.

12. That venue is proper in Pike County and this Court in that the Defendant has continuous and systemic contacts with the County of Pike in that the defendant regularly conducts business and has substantial sales in the County of Pike and the insurance policy that is the subject of this action was issued in and to residents of Pike County.

## FACTUAL BACKGROUND

13. At all times relevant hereto, Plaintiff, Samantha Sayles, was insured under a policy of auto insurance issued by defendant Allstate Insurance Company in and under the laws of the Commonwealth of Pennsylvania.

14. On December 11, 2015, Plaintiff Samantha Sayles was involved in a motor vehicle accident within the Commonwealth of Pennsylvania in which she sustained numerous physical injuries.

15. Plaintiff Samantha Sayles was treated by medical providers for the injuries which she sustained in the December 11, 2015 motor vehicle accident.

16. Defendant Allstate Insurance Company, however, refused to accord benefits to the Plaintiff.

17. On May 20, 2016, Allstate Insurance Company issued a letter concerning the Plaintiff's medical benefits.

18. In that letter of May 20, 2016, defendant Allstate Insurance Company:

a) directed Samantha Sayles to submit to a medical benefits physical examination; and

b) refused to pay Samantha Sayles medical benefits until the unlawful physical exam was completed.

19. Defendant Allstate Insurance Company did not demonstrate "good cause" to a Court in order to secure a Court Order compelling Samantha Sayles's submission to a physical examination.

20. Defendant Allstate Insurance Company did not demonstrate "good cause" to any court at all.

21. In fact, Defendant Allstate Insurance Company did not even petition a court at all to compel the physical examination of Samantha Sayles.

22. Consequently, there was no Court Order based on good cause directing Plaintiffs to submit to a physical exam.

23. Consequently, there was no Court Order directing Plaintiff to submit to a physical exam at all.

24. Also consequently, Plaintiff had not failed to comply with any Court Order to submit to physical examination.

25. Instead, Allstate Insurance Company failed to comply with law and itself ordered Plaintiffs to submit to insurance physical exams without showing good cause to a Court and without Court Order.

26. Allstate Insurance Company also refused to pay Plaintiffs' medical benefits until the improper insurance physical exam was consummated even though there was no Court Order compelling Plaintiffs to submit to insurance physical exams or a lack of compliance with Court Orders to submit to insurance physical exams.

27. Allstate Insurance Company's conduct to unilaterally command physical exams of insureds, to not demonstrate good cause for physical exams to a court, and to refuse benefits even absent any lack of compliance with a court order is a company-wide policy and procedure for Allstate Insurance Company.

28. Allstate Insurance Company's conduct to unilaterally command physical exams of insureds, to not demonstrate good cause for physical exams to a court, and to refuse benefits even absent any lack of compliance with a court order is authorized and

approved by company management for Allstate Insurance Company.

29. Allstate Insurance Company's conduct to unilaterally command physical exams of insureds, to not demonstrate good cause for physical exams to a court, and to refuse benefits even absent any lack of compliance with a court order is part of a systemic plan to avoid paying medical benefits to its insureds with the goal and purpose of reducing the amount that Defendant had to pay in benefits for its own gain and advantage.

30. Defendant Allstate Insurance Company made repeated representations that the Plaintiff insureds were legally required to submit to insurance physical exams unilaterally commanded by Defendant and that the Defendant was permitted to refuse to pay medical benefits until the improper physical exam was completed.

31. Defendant, through its conduct, actively, affirmatively and systematically misinformed the Plaintiff insureds that they were legally required to submit to insurance physical exams unilaterally commanded by Defendant and that the Defendant was permitted to refuse to pay medical benefits until the improper physical exam was completed.

32. Defendant, through its conduct, actively and systemically refused payment of medical billing owing to or on behalf of its insureds.

33. Defendant Allstate Insurance Company's actions were pursuant to a common policy and practice with respect to the

Plaintiffs and as to all other class members.

34. As a result of Defendant's conduct, Plaintiff, individually and as class representative for all similarly situated individuals, suffered harm in that they owe money for medical billing which defendant refused to pay.

35. As a result of Defendant's conduct, Plaintiff, individually and as class representative for all similarly situated individuals, suffered harm in that they were denied or lost access to medical care.

36. Defendant's actions as aforesaid were done purposefully, deliberately, intentionally, willfully, wantonly and/or recklessly with the consent and approval of Allstate Insurance Company's management.

37. Plaintiffs seek class wide determinations of liability and punitive damages to be shared by the Class on behalf of all others similarly situated. The Complaint also seeks individual damages.

## STATUTORY PROVISIONS

38. The present matter arises under Pennsylvania Motor Vehicle Financial Responsibility Law 75 P.A.C.S.A. § 1796 (hereinafter PMVFRL).

39. Pennsylvania Motor Vehicle Financial Responsibility Law 75 P.A.C.S.A. § 1796 provides in relevant part as follows:

§ 1796. Mental or physical examination of person.

(a) General rule.--Whenever the mental or physical
condition of a person is material to any claim for
medical, income loss or catastrophic loss benefits, a
court of competent jurisdiction or the administrator of
the Catastrophic Loss Trust Fund for catastrophic loss
claims may order the person to submit to a mental or
physical examination by a physician. The order may only
be made upon motion for good cause shown. The order
shall give the person to be examined adequate notice of
the time and date of the examination and shall state
the manner, conditions and scope of the examination and
the physician by whom it is to be performed. If a
person fails to comply with an order to be examined,
the court or the administrator may order that the
person be denied benefits until compliance.

40. Pursuant to Pennsylvania Motor Vehicle Financial
Responsibility Law §1796, whenever the physical condition is
material to any claim for medical benefits, a Court of competent
jurisdiction may order a person to submit to a physical
examination. That Order may only be made for good cause shown and
the benefits may be denied only if the person fails to comply
with that Court Order.

41. As a result of its actions, Defendant Allstate Insurance
Company violated 75 P.A.C.S.A. § 1796 in that:

a) Allstate did not demonstrate "good cause" to a Court
in order to secure a Court Order compelling Samantha
Sayles' submission to a physical examination;

b) Allstate did not demonstrate "good cause" to any
court at all;

c) Allstate did not petition a court at all to compel
the physical examination of Samantha Sayles;

d) As a consequence, there was no Court order based on good cause directing Plaintiffs to submit to a physical exam;

e) As a consequence, there was no court order directing Plaintiff to submit to a physical exam at all;

f) As a consequence, Plaintiffs had not failed to comply with any court order to submit to physical examination;

g) Allstate Insurance Company also refused to pay medical benefits until the improper insurance physical exam was consummated even though there was no court order compelling Plaintiffs to submit to insurance physical exams or lack compliance with court orders to submit insurance physical exams.

42. Allstate Insurance Company's actions to unilaterally command physical exams of insureds, to not demonstrate good cause for physical exam to a court, and to refuse benefits even absent any lack of compliance with a court order are in violation of law as a result.

## CLASS ACTION ALLEGATIONS

A.   **DEFINITION OF THE CLASS**

43. The plaintiff, Samantha Sayles, brings this action individually and on behalf of a class of similarly situated persons as a class action pursuant to the Pennsylvania Rules of Civil Procedure on behalf the classes defined as:

All persons injured in motor vehicle accidents and insured under Pennsylvania auto insurance policies issued by defendant which provided for medical benefits coverage whom defendant required or directed to submit to insurance physical exams without Court order directing insured to submit to physical exams.

All persons injured in motor vehicle accidents and
insured under Pennsylvania auto insurance policies
issued by defendant which provided for medical benefits
coverage to whom defendant stated
that it would not pay medical billing until the
improper insurance physical exam was completed even
though there was no court order compelling Plaintiff to
submit to an insurance physical exam or lack compliance
with a court order to submit an insurance physical
exam.

All persons injured in motor vehicle accidents and
insured under Pennsylvania auto insurance policies
issued by defendant which provided for medical benefits
coverage whom defendant required or directed to submit
to insurance physical exams without Court order
directing insured to submit to physical exams and as to
whom Allstate did not pay benefits based on the persons
failure to attend the physical exam.

All persons injured in motor vehicle accidents and
insured under Pennsylvania auto insurance policies
issued by defendant which provided for medical benefits
coverage whom Allstate subjected to Allstate's
aforestated procedure and as to whom Allstate did not
then pay medical benefits.

B. **NUMEROSITY**

44. The Class is so numerous as to render joinder of all

members impracticable. The identities of a majority of the Class

members are presently unknown but are ascertainable through

appropriate discovery. Plaintiff reasonably believes that there

are hundreds of members in the proposed Class. Members of the

Class may be identified from records maintained by Defendants and

may be notified of the pendency of this action by mail, or the

internet, or publication using the form of notice similar to that

customarily used in class actions.

C.   **TYPICALITY**

45. Plaintiff's claims are typical of the claims of other members of the Class. All such claims arise out of the Defendant's same wrongful course of conduct in violation of the same statute. Plaintiff and the proposed Class members have suffered a common injury arising out of the Defendant's common course of conduct as alleged herein.

D.   **EXISTENCE AND PREDOMINANCE OF COMMON ISSUES**

46. Common questions of law and fact are applicable to all members of the Class and predominate over any questions that might solely affect individual members of the class.

47. The common questions of law and fact arise from and concern the following facts, actions and issues:

    a. all Class members are insured through automobile insurance policies issued by the defendant under and subject to the laws of the Commonwealth of Pennsylvania;
    b. all class members sought medical benefits under the automobile policies issued by the defendant;
    c. the defendant unilaterally directed all members of the class to submit to physical examination without any Court order requiring the Plaintiffs to submit to physical exams;
    d. the defendant refused payment of medical billings for all members of the class for the same reason and on the same basis;

e. the Defendant's actions as to all members of the
class are alleged to have violated the same law (75
P.A.C.S.A. §1796); and

f. the Defendant violated 75 P.A.C.S.A. §1796
through its practices and procedures of demanding
physical exams without Court Order and refusing
benefits where there is no lack of compliance with
any Court Order.

48. The questions of law and fact common to the members of
the Class, as above noted, predominate over any questions
affecting only individual members, and thus, this class action is
superior to other available methods for the fair and efficient
adjudication of this controversy.

**E.**   **SUPERIORITY**

49. A class action is superior to other available methods
for a fair and efficient adjudication of this controversy because
individual joinder of all members of the Class is impractical.
Furthermore, damages suffered by members of the Class may be
relatively small when compared to the expense and burden of
individual litigation, which would make it difficult or
impossible for individual members of the Class to obtain relief.
The interests of judicial economy favor adjudicating the claims
of the Class on a classwide basis rather than an individual
basis. There will be no difficulty in the management of this
action as a class action.

F.   **ADEQUATE REPRESENTATION**

50. Plaintiff will fairly and adequately protect and represent the interests of the Class and have no interest antagonistic to, or in conflict with, those of other Class members.

51. Plaintiff is willing and prepared to serve the proposed Class in a representative capacity with all the obligations and duties material herein.

52. Plaintiff has the time and resources to prosecute this action and has retained qualified counsel who have had experience in matters involving the rights of insureds and both state and federal court litigation. Plaintiff intends to prosecute this action for the benefit of the Class.

G. **RISKS OF INCONSISTENT OR VARYING ADJUDICATION**

53. Class treatment is proper in this proceeding in order to avoid inconsistent or varying adjudications with respect to individual Class members. Separate actions by individual members of the Class would create a risk that adjudication of disputed issues of law or fact as to some of the former non-bargaining unit employees would be binding upon other Class members not parties to the adjudication, or would otherwise substantially impair or impede their ability to protect their interests.

54. The Class meets all the requirements for class certification as prescribed by the Pennsylvania Rules of Civil Procedure.

## COUNT I

### DECLARATORY JUDGMENT

55. Plaintiff, Samantha Sayles, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

56. Pennsylvania Motor Vehicle Financial Responsibility Law §1796 provides in relevant part that whenever the physical condition is material to any claim for medical benefits, a Court of competent jurisdiction may order a person to submit to a physical examination, that the Order may only be made for good cause shown, and that the benefits may be denied only if the person fails to comply with that Court Order.

57. Defendant Allstate Insurance violated 75 Pa.C.S.A. § 1796 in that:

   a) Allstate did not demonstrate "good cause" to a Court in order to secure a Court Order compelling Samantha Sayles' submission to a physical examination;

   b) Allstate did not demonstrate "good cause" to any court at all;

   c) Allstate did not petition a court at all to compel the physical examination of Samantha Sayles;

   d) As a consequence, there was no Court order based on good cause directing Plaintiffs to submit to a physical exam;

   e) As a consequence, there was no court order directing Plaintiff to submit to a physical exam at all;

   f) As a consequence, Plaintiffs had not failed to comply with any court order to submit to physical examination;

g) Allstate Insurance Company also refused to pay medical benefits until the improper insurance physical exam was consummated even though there was no court order compelling Plaintiffs to submit to insurance physical exams or lack compliance with court orders to submit insurance physical exams.

58. Allstate Insurance Company's actions to unilaterally command physical exams of insureds, to not demonstrate good cause for physical exams to a court, and to refuse benefits even absent any lack of compliance with a court order are in violation of law as a result.

59. Accordingly, Plaintiff, Samantha Sayles, individually and on behalf of a Class of Similarly Situated Persons, are entitled to a Declaratory Judgment declaring that:

a) Allstate Insurance Company must comply with Pennsylvania Motor Vehicle Financial Responsibility Law 75 P.A.C.S.A. §1796;

b) That whenever the mental or physical condition of an insured is material to any claim for medical benefits, Allstate Insurance Company must Motion a Court of competent jurisdiction for an Order directing the insured to submit to a mental or physical examination;

c) That any such motion must be for good cause shown;

d) That only if a person fails to comply with an order by the Court to be examined, that the Court may order that the person be denied benefits until compliance.

### COUNT II

### CLAIMS FOR VIOLATIONS OF 75 Pa.C.S.A. §1796

60. Plaintiff, Samantha Sayles, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

61. Pennsylvania Motor Vehicle Financial Responsibility Law §1796 provides in relevant part that whenever the physical condition is material to any claim for medical benefits, a Court of competent jurisdiction may order a person to submit to a physical examination, that the Order may only be made for good cause shown, and that the benefits may be denied only if the person fails to comply with that Court Order.

62. Defendant Allstate Insurance violated 75 Pa.C.S.A. § 1796 in that:

a) Allstate did not demonstrate "good cause" to a Court in order to secure a Court Order compelling Samantha Sayles' submission to a physical examination;

b) Allstate did not demonstrate "good cause" to any court at all;

c) Allstate did not petition a court at all to compel the physical examination of Samantha Sayles;

d) As a consequence, there was no Court order based on good cause directing Plaintiffs to submit to a physical exam;

e) As a consequence, there was no court order directing Plaintiff to submit to a physical exam at all;

f) As a consequence, Plaintiffs had not failed to comply with any court order to submit to physical examination;

g) Allstate Insurance Company also refused to pay medical benefits until the improper insurance physical exam was consummated even though there was no court order compelling Plaintiffs to submit to insurance physical exams or lack compliance with court orders to submit insurance physical exams.

63. Allstate Insurance Company's actions to unilaterally command physical exams of insureds, to not demonstrate good cause

for physical exam to a court, and to refuse benefits even absent
any lack of compliance with a court order are in violation of law
as a result.

64. As a result of defendant's conduct, Plaintiff,
individually and as class representatives for all similarly
situated individuals, suffered harm in that they owe money for
medical billing which defendant refused to pay.

65. As a result of defendant's conduct, Plaintiff,
individually and as class representatives for all similarly
situated individuals, suffered harm in that they were delayed in
or denied  access to medical care.

66. Allstate Insurance Company's conduct to unilaterally
command physical exams of insureds, to not demonstrate good cause
for physical exam to a court, and to refuse benefits even absent
any lack of compliance with a court order is part of a systemic
plan to avoid paying medical benefits to its insureds with the
goal and purpose of reducing the amount that Defendant had to pay
in benefits for its own gain and advantage.

67. That Allstate Insurance Company's actions secured gain
and advantage for Allstate through the savings which it realized
by refusing to pay the medical billing of its insureds.

COUNT III

**CLAIMS FOR VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW 73 Pa.C.S. §201 et seq.**

68. Plaintiff, Samantha Sayles, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

69. Defendant's conduct falls within the purview of the Pennsylvania Unfair Trade Practices and Consumer Protection Statute, 73 Pa.C.S. §201, et seq.

70. Defendant is a "person" within the meaning of the Statute, and as such, is prohibited from engaging in deceptive acts and practices.

71. Plaintiffs allege that the acts and omissions of Defendant, by its agents, servants, and/or employees, acting within the scope of their employment or authority, constitute violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, codified at 73 Pa.C.S. §201 et seq.

72. Defendant employed unconscionable commercial practices, fraud, material misrepresentations, and/or other unlawful acts in connection with the sale of motor vehicle insurance in violation of the Statute, including, but not limited to, making material misrepresentations about, or engaging in deceptive conduct concerning the quality, characteristics, and/or benefits of Plaintiffs' insurance policies and benefits.

73. Defendant, by its agents, servants, and/or employees acting within the scope of their employment and/or authority, willfully and intentionally falsely stated to Plaintiff and Class members that:

    a) Samantha Sayles and the other insureds were required to submit to physical exam at the unilateral direction of Allstate, even without a showing of good cause to a Court and without Court order directing Plaintiffs to submit to insurance physical exams;

    b) Defendant could properly refuse to pay medical benefits until the unlawful physical exam was completed, even though there was no court order compelling Plaintiff to submit to an insurance physical exam or lack of compliance with a court order to submit an insurance physical exam.

74. The conduct by Defendant constitutes unconscionable commercial practices, deceptions, and/or the knowing concealment, suppression, and/or omissions of material facts with the intent that Plaintiff and Class members, as members of the general public, rely on such concealment, suppression and/or omission, in connection with the sale of motor vehicle insurance:

    (a)  engaging in deceptive and/or fraudulent acts and practices by falsely stating to Plaintiffs and Class members, at the time that their insurance was purchased and/or renewed, that the motor vehicle insurance policies would, "lawfully pay for medical expenses for bodily injuries to an insured arising out of maintenance or use of a motor vehicle";

    (b)  engaging in deceptive acts and practices, including, but not limited to, falsely stating to Plaintiffs and Class members, subsequent to their respective motor vehicle accidents, that they were not entitled to proper and lawful PIP benefits in accordance with Pennsylvania law;

(c)   in refusing to comply with Pennsylvania law;
thereby causing Plaintiff to incur medical bills
and/or suffer the loss of or access to medical
treatment;

(d)   committing consumer fraud, acting negligently
and/ or with reckless disregard for the rights and
reasonable expectations of Plaintiffs and Class
members.

(e) Falsely stating that goods or services have
sponsorship, approval, characteristics,
ingredients, uses, benefits or quantities that
they do not have or that a person has a
sponsorship, approval, status, affiliation or
connection that he does not have.

(f) engaging in any other fraudulent or deceptive
conduct which creates a likelihood of confusion or of
misunderstanding.

75. Defendant, by its agents, servants, and/or employees

acting within the scope of their employment and/or authority,

acted with willful, intentional, gross and reckless disregard for

the injury and risk of loss inflicted upon Plaintiff and class

members.

76. As a direct and proximate result of Defendant's actions,

Plaintiffs and members of the Class have suffered injury in the

form of harm and loss.

77. As a direct and proximate result of Defendant's

prohibited acts and omissions under the UTPCPL, Insured

Plaintiffs and Insured Class members have suffered ascertainable

losses for which they may recover under the Act.

## COUNT IV

### CLAIMS FOR VIOLATIONS OF
PENNSYLVANIA'S INSURANCE BAD FAITH ACT - 42 Pa.C.S. §8371

78. Plaintiff, Samantha Sayles, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

79. Defendant accepted premiums from its insureds and is thus responsible to comply with the law governing medical benefits in Pennsylvania.

80. Defendant, as an insurer, was required to process claims in good faith and in accordance with law.

81. Defendant, by its agents, servants, and/or employees acting within the scope of their employment and/or authority, acted with willful, intentional, gross, and/or reckless disregard for the injury and risk of economic loss inflicted upon Plaintiff and Class members.

82. Defendant, by its agents, servants, and/or employees acting as aforesaid within the scope of their employment and/or authority, acted in bad faith by refusing to accord proper benefits to the Plaintiff and Class members in conformance with law.

83. More specifically, the defendant acted in bad faith by committing the acts set forth herein and enumerated below, with each act constituting its own bad faith violation and cause of action in its own right:

a) Defendant affirmatively and systematically falsely stated to Samantha Sayles and the other insureds they were required to submit to physical exam at the unilateral direction of Allstate, even without a showing of good cause to a Court and without Court order directing Plaintiffs to submit to insurance physical exams;

b) Defendant affirmatively and systemically falsely stated to Samantha Sayles and the other insureds that Defendant could properly refuse to pay medical benefits until the unlawful physical exam was completed, even though there was no court order compelling Plaintiff to submit to an insurance physical exam or lack compliance with a court order to submit an insurance physical exam;

c) Defendant's actions to unilaterally command of physical exams of insureds and to not demonstrate good cause for physical exam to a court;

d) Defendant's actions to refuse to pay benefits until the unlawful physical exam was completed, even though there was no court order compelling Plaintiff to submit to an insurance physical exam or lack compliance with a court order to submit an insurance physical exam.

84. The Defendant's actions to unilaterally command physical exams of insureds, to not demonstrate good cause for physical exam to a court, and to refuse benefits even absent any lack of compliance with a court order is part of a systemic plan to avoid paying medical benefits to its insureds with the goal and purpose of reducing the amount that Defendant had to pay in benefits for its own gain and advantage.

85. That Allstate's false statements were done purposefully and intentionally in an effort to deny insureds knowledge of their rights under the law so as to render the prospect of securing lawful benefits or challenging the defendant's commands

more difficult, more burdensome, and less attractive relative to physical exam determinations generally and the physical exam determination at hand specifically.

86. The defendant herein has made pervasive representations to Plaintiff and similarly situated Class members that:

a) Samantha Sayles and the other insureds were required to submit to physical exam at the unilateral direction of Allstate, even without a showing of good cause to a Court and without Court order directing Plaintiffs to submit to insurance physical exams;

b) Defendant could properly refuse to pay medical benefits until the unlawful physical exam was completed, even though there was no court order compelling Plaintiff to submit to an insurance physical exam or lack compliance with a court order to submit to an insurance physical exam.

87. That the Defendant's actions as set forth herein violated the Pennsylvania Unfair Insurance Practices Act 40 Pa.C.S.A. section 1171.5(a)(1)(i), which provides in relevant part that it is unlawful to:

(i) Misrepresent the benefits, advantages, conditions, or terms of any insurance policy;

88. That the defendant's actions as set forth herein violated the Pennsylvania Unfair Insurance Practices Act 40 Pa.C.S.A. section 1171.5(a)(10)(i), which provides in relevant part that it is unlawful to:

(i) Misrepresent pertinent facts or policy or contract provisions relating to coverages at issue.

89. That the defendant's actions as set forth herein violated 31 Pennsylvania Administrative Code section 146.4(a) which makes it unlawful for:

> An insurer, "may not fail to fully disclose to first party claimants pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented.

90. That by unilaterally commanding physical exams of insureds, not demonstrating good cause for physical exam to a court, not securing court orders directing plaintiffs to submit to physical exams, and by refusing benefits even absent a Court Order or any lack of compliance with a court order, Allstate Insurance Company did not properly invoke or follow the physical exam process as set forth in the PIP statute.

91. That by unilaterally commanding physical exams of insureds, not demonstrating good cause for physical exam to a court, not securing court orders directing plaintiffs to submit to physical exams, and by refusing benefits even absent a Court Order or any lack of compliance with a court order, Allstate Insurance Company abused the physical exam process set forth in the PIP statute.

92. That by unilaterally commanding physical exams of insureds, not demonstrating good cause for physical exam to a court, not securing court orders directing plaintiffs to submit to physical exams, and by refusing benefits even absent a Court Order or any lack of compliance with a court order, Allstate

Insurance Company did not comply with the specific provisions of § 1796.

93. That by unilaterally commanding physical exams of insureds, not demonstrating good cause for physical exam to a court, and refusing benefits even absent any lack of compliance with a court order, Allstate Insurance Company engaged in a bad faith interpretation of the contract for insurance.

94. The defendant has acted contrary to the law as aforesaid against not only the plaintiff, Samantha Sayles, but also against other persons in the Commonwealth of Pennsylvania contrary to the dictates of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq.

95. As a direct and proximate result of Defendant's actions, Plaintiff and members of the Class have suffered injury and loss.

## COUNT V

### CLAIMS FOR BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

96. Plaintiff, Samantha Sayles, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

97. At all times relevant hereto, Allstate Insurance Company was an insurer of Plaintiffs and, accordingly, owed a duty of good faith and fair dealing to Plaintiffs as its insureds.

98.  At all times relevant hereto, Allstate Insurance Company knew, or should have known, that pursuant to Pennsylvania Motor Vehicle Financial Responsibility Law § 1796, whenever the physical condition is material to any claim for medical benefits, it is a Court of competent jurisdiction which may order a person to submit to a physical examination, that the Order may only be made for good cause shown, and benefits may be denied only if the person fails to comply with that Court Order.

99. Allstate Insurance Company breached its duty of good faith and fair dealing whereby defendant made repeated and pervasive representations to Plaintiffs and similarly situated Class members that:

a) Samantha Sayles and the other insureds were required to submit to physical exam at the unilateral direction of Allstate, even without a showing of good cause to a Court and without Court order directing Plaintiffs to submit to insurance physical exams;

b) Defendant could properly refuse to pay medical benefits until the unlawful physical exam was completed, even though there was no court order compelling Plaintiff to submit to an insurance physical exam or lack of compliance with a court order to submit an insurance physical exam.

100. Defendant Allstate Insurance Company's actions to unilaterally command physical exams of insureds, to not demonstrate good cause for physical exam to a court, and to refuse benefits even absent any lack of compliance with a court order is authorized and approved by company management of Allstate Insurance Company.

101. Allstate Insurance Company's conduct to unilaterally command physical exams of insureds, to not demonstrate good cause for physical exams to a court, and to refuse benefits even absent any lack of compliance with a court order is a company-wide policy and procedure.

102. Allstate Insurance Company's conduct to unilaterally command physical exams of insureds, to not demonstrate good cause for physical exams to a court, and to refuse benefits even absent any lack of compliance with a court order is part of a systemic plan to avoid paying medical benefits to its insureds with the goal and purpose of reducing the amount that Defendant had to pay in benefits for its own gain and advantage.

103. Plaintiffs have suffered damages as a result of Allstate Insurance Company's breach of its duty of good faith and fair dealing.

## COUNT VI

### UNJUST ENRICHMENT

104. Plaintiff, Samantha Sayles, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

105. Defendant benefitted from its unlawful actions and misrepresentations to Plaintiff and other Class members as alleged herein.

106. These unlawful acts, misrepresentations, and omissions caused Plaintiff and other Class members to suffer injury and monetary loss.

107. Conversely, Defendant Allstate Insurance Company's actions secured gain and advantage for Defendant through the savings which it realized by refusing to pay the medical billing of its insureds.

108. In consequence, the Defendant has been, and continues to be, unjustly enriched at the expense of, and to the detriment of, Plaintiff and each member of the Class.

109. Equity and good conscience require that Defendant disgorge all such unjust gains and that Defendant should pay amounts by which it was unjustly enriched to Plaintiff and the Class in an amount to be determined at trial.

110. As a direct and proximate result of Defendant's actions, Plaintiffs and members of the Class have suffered injury and loss.

111. Plaintiff and the Class seek an order of this Court disgorging all profits, benefits, and other advantages or gains which inured to defendant as a result of its improper actions and conduct.

## COUNT VII

### INTENTIONAL MISREPRESENTATION

112. Plaintiff, Samantha Sayles, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-alleges

the allegations of the preceding paragraphs as if fully restated herein.

113. The full and proper coverage and payment for medical costs incurred for injuries sustained in a motor vehicle accident was a material fact to Plaintiffs and Class members at the time that they contracted with Defendant for motor vehicle insurance.

114. Upon information and belief, Defendant intentionally misrepresented to Plaintiff and Class members that they were not entitled to proper and lawful PIP benefits in accordance with their respective policies and Pennsylvania law.

115. Defendant, by its agents, servants, and/or employees acting within the scope of their employment and/or authority, willfully and intentionally misrepresented to Plaintiff and Class members that the motor vehicle insurance policies would "pay for medical expenses for bodily injuries to an insured arising out of maintenance or use of a motor vehicle."

116. Defendant, by its agents, servants, and/or employees acting within the scope of their employment and/or authority, made material misrepresentations to Plaintiffs and Class members by way of their "Explanation of Benefits", which asserted that the fee schedules applied to their respective medical bills were applicable and that their respective medical bills were lawfully paid by Defendant.

117. Defendant intentionally misrepresented to Plaintiff and Class members for the purpose of manipulating Plaintiff and Class

members to pay for benefits which should have been covered by their respective motor vehicle insurance policies.

118. Defendant intentionally manipulated the expectations of Plaintiff and Class members with regard to the entitlement of insurance benefits for injuries sustained in their respective motor vehicle accidents.

119. Defendant made such material misrepresentations with the intent of misleading Plaintiff and Class members into relying on said misrepresentations.

120. Plaintiff and Class members have suffered injury as a result of their justifiable reliance upon Defendant's misrepresentations.

121. As a direct and proximate result of Defendant's misrepresentations, Plaintiff and members of the Class have suffered injuries in the form of economic losses.

### COUNT VIII

### ALTERNATIVE CLAIMS FOR MEDICAL BENEFITS

122. Plaintiff, Samantha Sayles, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

123. That the Defendant, in accordance with Pennsylvania law, was obligated to provide medical benefits to the Plaintiff and Class members.

124. That the Defendant, through its conduct as aforesaid, has improperly refused to provide the medical benefits to the Plaintiff.

125. That despite demand, the Defendant has neglected and refused to provide medical benefits in accordance with Pennsylvania law.

126. That the defendant's refusal to provide medical benefits to its plaintiff-insured is unlawful, wanton and unreasonable.

127. As a direct and proximate result of Defendant's actions, Plaintiffs and members of the Class have suffered injury and loss.

## COUNT IX

128. Plaintiffs hereby incorporate all previous paragraphs by reference as if fully set at length forth herein.

WHEREFORE, plaintiff, Samantha Sayles, individually and on behalf of a Class of Similarly Situated Persons, respectfully requests that this Court enter an Order:

A. Determining that this action is a proper class action, certifying the named Plaintiffs as class representatives for the classes alleged herein and Plaintiffs' counsel as Class Counsel;

B. Awarding judgment as to Count I in favor of named Plaintiff and each Other Similarly Situated Individual that Defendants' conduct was a violation of Pennsylvania Motor Vehicle Financial Responsibility Law 75 P.A.C.S.A. §1796 and declaring

that:

1) Allstate Insurance Company must comply with Pennsylvania Motor Vehicle Financial Responsibility Law 75 P.A.C.S.A. §1796;

2) That whenever the mental or physical condition of an insured is material to any claim for medical benefits, Allstate Insurance Company must Motion a Court of competent jurisdiction for an Order directing the insured to submit to a mental or physical examination;

3) That any such motion must be for good cause shown;

4) That only if a person fails to comply with an order by the Court to be examined, that the Court may order that the person be denied benefits until compliance.

C. Awarding judgment as to Count II in favor of named Plaintiff and each Other Similarly Situated Individual and against Defendant for:

1. An amount which represents the sum of all medical payments which the Defendant did not pay as to the Plaintiff and each member of the class;

2. Interest on the aforesaid billing;

3. Trebled damages;

4. Attorneys fees;

D. Awarding judgment as to Count III in favor of named Plaintiff and each Other Similarly Situated Individual and against Defendant for:

1. As to each Insured Plaintiff and Insured Class member, either the amount of actual damages sustained or the sum of $100, which ever is greater;

2. Attorney fees, expert fees and costs;

3. Treble damages against the defendant;

4. Such further relief as allowed by the Court

E. Awarding judgment as to Count IV in favor of named
Plaintiff and each Other Similarly Situated Individual and
against Defendant for:

1.   Any and all damages proximately caused by Defendant's
     bad faith acts and omissions;

2.   Interest on the amount of Plaintiff's claim from the
     date the claim was made by the insured in an amount
     equal to the prime rate of interest plus 3%;

3.   An award of punitive damages against the defendant; and

4.   Court costs and Insured Plaintiff and Insured Class
     members' reasonable attorney fees against the insurer.

F. Awarding judgment as to Count V in favor of named
Plaintiff and each Other Similarly Situated Individual and
against Defendant for:

1. An amount which represents the sum of all medical
   payments which the Defendant improperly refused to
   pay as to the Plaintiff and each member of the class;

2. Interest on the aforesaid billing;

3. Attorneys fees;

G. Awarding judgment as to Count VI in favor of named
Plaintiff and each Other Similarly Situated Individual and
against Defendant for:

1. Directing disgorgement and restitution of any and
   all gain and advantage which Defendant unjustly realized
   as a result of Defendants' unlawful acts, omissions and
   practices.

H. Awarding judgment as to Count VII in favor of named
Plaintiff and each Other Similarly Situated Individual and

against Defendant for:

1. An amount which represents the sum of all medical payments which the Defendant improperly refused to pay as to the Plaintiff and each member of the class;

2. Interest on the aforesaid billing;

3. Attorneys fees;

4. Damages proximately caused by the fraud and misrepresentations of Defendant, together with an award of exemplary damages;

I. Awarding judgment as to Count VIII in favor of named Plaintiff and each Other Similarly Situated Individual and against Defendant for:

1. An amount which represents the sum of all medical payments which the Defendant improperly refused to provide to the Plaintiff;

2. Interest on the amount of Plaintiff's claim from the date the claim was made by the insured at the rate of 12%;

3. Treble damages against the defendant;

4. Court costs and Plaintiff's reasonable attorney fees against the insurer.

J. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

THE LAW OFFICE OF CHARLES KANNEBECKER

BY: _____
CHARLES KANNEBECKER, ESQUIRE

**VERIFICATION**

I, Samantha Sayles, certify that I have read the foregoing Complaint and that the facts contained therein are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Samantha Sayles