# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA SAYLES, individually and on behalf of all other similarly situated, | |
| Plaintiff, | CIVIL ACTION NO. 3:16-cv-01534 |
| v. | (JUDGE CAPUTO) |
| ALLSTATE INSURANCE COMPANY, | |
| Defendant. | |

## **MEMORANDUM**

Presently before the Court is Plaintiff Samantha Sayles's Motion to Remand pursuant to 28 U.S.C. § 1447 (Doc. 5.) Because Defendant timely filed its original Notice of Removal under 28 U.S.C. § 1446(b), and because any alleged defect in Defendant's original Notice of Removal was merely technical and has since been remedied in Defendant's Amended Notice of Removal, the Court finds that Defendant's Removal was proper. Plaintiff's Motion to Remand is therefore denied.

## **I. Background**

Plaintiff originally filed this class action lawsuit in the Pike County Court of Common Pleas on June 20, 2016. (Pl.'s Mot. to Remand ¶ 1, Doc. 5.) On June 24, 2016, Plaintiff served Defendant with a copy of her Complaint. (*Id.* ¶ 2.) Defendant filed its Notice of Removal with this Court on July 25, 2016. (Doc. 1.) However, Plaintiff initially argued that Defendant in fact filed its Notice on July 26, 2016. (Pl.'s Mot. to Remand ¶ 3.) On August 12, 2016, Plaintiff filed the pending Motion to Remand the case to the Pike County Court of Common Pleas. (Doc. 5.) On August 26, 2016, while Plaintiff's Motion to Remand was still pending, Defendant filed an Amended Notice of Removal (Doc. 9) and a Motion to Dismiss

Plaintiff's Complaint for failure to state a claim. (Doc. 10.) In response, Plaintiff has filed a Motion to Stay Proceedings until the Court rules on its Motion to Remand. (Doc. 14.)

## II. Discussion

Defendant alleges that this Court has original subject matter jurisdiction over the case pursuant 28 U.S.C. § 1332(a) (diversity jurisdiction) and § 1332(d) (jurisdiction under the Class Action Fairness Act (CAFA)). Because this Court finds removal based on diversity jurisdiction to be proper, it need not analyze federal subject matter jurisdiction based on CAFA. Accordingly, Plaintiff's Motion to Remand will be denied.

### A.     Legal Standard

A defendant may remove an action filed in state court to federal district court pursuant to 28 U.S.C. § 1441 if the federal district court has original jurisdiction over that action. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for diversity jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "A petition for removal must allege that diversity of citizenship existed at the time the petition was filed and also that diversity existed at the time suit was commenced in state court." *Moser v. Bostitch Div. Of Textron, Inc.*, 609 F. Supp. 917, 918-19 (W.D. Pa. 1985). Defendant must file its Notice of Removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the

defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

At this Court's discretion, pursuant to 28 U.S.C. § 1653 a removing party may be permitted to amend its Notice of Removal after the time for removal has expired in order to clarify defective allegations of jurisdiction previously made, or to clarify or correct matters of form or technical defects. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003); *Moser*, 609 F. Supp. at 918-19 (permitting removing party to amend its notice after time for removal had expired in order to clarify that diversity existed both at the time of the petition's filing and at the time the suit was originally commenced); *Camacho v. Cove Trader, Inc.*, 612 F. Supp. 1190, 1191-92 (E.D. Pa. 1985) (permitting defendants to amend a removal petition based on diversity jurisdiction after time for removal had expired in order to more specifically allege plaintiff's citizenship, finding that such an amendment did not impermissibly "set forth a ground for federal jurisdiction that was missing in the original petition"). However, although this Court may allow a removing party to amend technical defects with the allegations contained in a timely filed Notice, a removing party may not amend its Notice after time for removal has expired in order to "supply missing allegations." *Camacho*, 612 F. Supp. at 1192.

**B.    Analysis**

In this case, the Court finds that Defendant's original Notice of Removal was timely

filed. Plaintiff served Defendant with a copy of her Complaint on June 24, 2015. (Pl.'s Mot. to Remand ¶ 2.) Defendant subsequently filed its Notice of Removal on July 25, 2016. (Doc. 1.) Despite initially protesting the accuracy of this filing date, Plaintiff has since acknowledged that Defendant's original Notice of Removal was timely filed. (*See* Pl.'s Reply Br. 10.) The Court independently confirms that Defendant filed its original Notice on July 25, 2016. According to the time computation rules contained in Federal Rule of Civil Procedure 6(a), Defendant had until July 25, 2016 to file its Notice in order to comply with the thirty (30) day filing window under 28 U.S.C. § 1446(b). Because Defendant indeed filed its Notice on that date, Defendant has complied with the removal filing deadline.

However, although Defendant's original Notice of Removal was timely filed, the Court finds that the Notice contained technical defects in its allegations of diversity jurisdiction. In the pertinent allegations contained in its original Notice (Doc. 1), Defendant's basis for diversity jurisdiction rests on the fact that Plaintiff is a "resident" of Pennsylvania; it does not specifically allege Plaintiff to be, or have ever been, a "citizen" of Pennsylvania, two distinct legal statuses. (*See* Def.'s Notice of Removal ¶ 2) ("Plaintiff, Samantha Sayles, [is] a *resident* of Matamoras, Pennsylvania . . . ."); (*id.* ¶ 6) ("Plaintiff is a *resident* of the Commonwealth of Pennsylvania.") (emphases added); *see also Camacho*, 612 F. Supp. at 1191 ("The allegation that plaintiff is a *resident* of Pennsylvania does not meet the jurisdictional requirement of 28 U.S.C. § 1332(a).") (emphasis in original). Although Defendant subsequently states that "Plaintiff and Defendant are citizens of different states for purposes of diversity of citizenship jurisdiction," Defendant cites to paragraph six of its Notice for this allegation despite the fact that paragraph six alleges only that Plaintiff is a

"resident" of Pennsylvania. (*Id.* ¶ 13.) Consequently, the Court finds Defendant's original Notice of Removal to contain defects in its diversity jurisdiction allegations.[1]

However, the Court finds the above stated defects in Defendant's original Notice to be merely technical and will accept Defendant's Amended Notice of Removal. (Doc. 9.) In its original timely filed Notice, Defendant clearly alleges that its grounds for removal include diversity of citizenship jurisdiction. (Def.'s Notice of Removal ¶ 13.) In its Amended Notice, Defendant correctly alleges Plaintiff to be a "citizen" of Pennsylvania at all relevant times rather than a "resident." (Def.'s Am. Notice of Removal ¶ 6, Doc. 9.) Indeed, Defendant's Amended Notice merely seeks to "more specifically allege the plaintiff's citizenship, not to set forth a ground for federal jurisdiction that was missing in the original petition." *Camacho*, 612 F. Supp. at 1192. Nothing in Defendant's Amended Notice attempts to "change or alter the import of the [original] petition." *Harper v. Nat'l Flood Insurers Ass'n*, 494 F. Supp. 234, 236 (M.D. Pa. 1980). Rather, the purpose of Defendant's Amended Notice is only to set "forth more specifically grounds for removal which were imperfectly stated in the original petition." *Moser*, 609 F. Supp. at 919. Accordingly, this Court will permit the Amended Notice of Removal that Defendant has filed pursuant to 28 U.S.C. § 1653. The Amended Notice cures the technical defects contained in its original Notice, and this Court therefore finds Defendant to have properly alleged diversity jurisdiction. Because federal subject matter

---

[1] The Court does not find Defendant's original Notice of Removal to contain defects with respect to its allegations that Plaintiff is a citizen of Pennsylvania both at the time the suit originally commenced in state court and at the time its Notice was filed in federal court. If Defendant properly alleged Plaintiff to be a *citizen* of Pennsylvania in paragraphs two and six of its original Notice, this pleading requirement would have been satisfied. The only defects in Defendant's original Notice concern the use of the term "resident" instead of "citizen."

jurisdiction exists on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), this Court has jurisdiction over the case and Plaintiff's Motion to Remand is DENIED.

### III. Conclusion

Because Defendant timely filed its original Notice of Removal, and because the defects contained in the allegations of the original Notice were merely technical and subsequently remedied in Defendant's Amended Notice of Removal, this Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Accordingly, Plaintiff's Motion to Remand this matter to state court is DENIED.

An appropriate order follows.

September 8, 2016  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge