# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA SAYLES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION NO. 3:16-CV-01534<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is a Motion pursuant to 28 U.S.C. § 1292(b) for Certification for Interlocutory Appeal of the portion of this Court's May 10, 2017 Order (Doc. 36) which denied Defendant's Motion to Dismiss Counts I and II of Plaintiff's Complaint, filed by Defendant Allstate Insurance Company ("Allstate"). (Doc. 37.) For the reasons that follow, Allstate's Motion will be granted.

## I. Background

Because the factual and procedural history are both well known to the parties and stated in the Court's prior Memorandum in *Sayles v. Allstate Insurance Co.*, No. 3:16-CV-01534, 2017 WL 1928408 (M.D. Pa. May 10, 2017) (Doc. 35), they need not be repeated here other than to note the following:

Plaintiff Samantha Sayles ("Sayles") originally filed this putative class action in the Court of Common Pleas of Pike County, Pennsylvania on June 20, 2016. (*See* Doc. 1.) Sayles alleges that an auto insurance policy issued by Allstate under which she was insured (the "Policy") contains an "examination requirement" that violates § 1796 of Pennsylvania's Motor Vehicle Financial Responsibility Law, 75 Pa. Cons. Stat. Ann. § 1701, *et seq*. (the "MVFRL"). (*See* Doc. 35, at 1-3.) The Complaint contained eight Counts for relief. Count I seeks a declaratory judgment declaring that Allstate must, *inter alia*, file a motion with a court of competent jurisdiction for an order directing an insured

to submit to a mental or physical examination whenever the mental or physical condition of an insured is material to any claim for medical benefits. (Compl. ¶ 59.) Count II alleges violations of § 1796 of the MVFRL on behalf of Sayles and all similarly situated individuals. (*Id.* ¶ 62.) On July 25, 2016, Allstate removed the action to federal court. (*See* Docs. 1 & 16.) On August 26, 2016, Allstate filed a Motion to Dismiss Sayles's Complaint in its entirety. (Doc. 10.) On May 10, 2017, the Court denied Allstate's Motion as to Counts I and II, and granted the remainder of Allstate's Motion. (Docs. 35 & 36.) On May 24, 2017, Allstate filed the instant Motion for Certification for Interlocutory Appeal of the Court's May 10, 2017 Order, pursuant to 28 U.S.C. § 1292(b). (Doc. 37.) Sayles filed her Brief in Opposition on June 7, 2017. (Doc. 40.) Allstate filed its Reply Brief on June 21, 2017. (Doc. 41.) The Motion is now ripe for disposition.

## II. Legal Standard

Pursuant to 28 U.S.C. § 1292(b), a district judge may certify an order for immediate appeal if it the judge finds that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).[1] The decision to certify an order for immediate appeal

---

[1] District courts may grant a motion to certify an order for interlocutory appeal and enter an amended order which includes the certification pursuant to § 1292(b). *See Matter of Hamilton*, 122 F.3d 13, 14 (7th Cir. 1997) (citing *Marisol by Forbes v. Giuliani*, 104 F.3d 524, 527-29 (2d Cir. 1996); *Weir v. Propst*, 915 F.2d 283, 286 (7th Cir. 1990); *In re Benny*, 812 F.2d 1133, 1136-37 (9th Cir. 1987); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 245-48 (7th Cir. 1981)); *see also Eisenberger v. Chesapeake Appalachia, LLC*, No. 3:09-CV-1415, 2010 WL 1816646, at *3-*4 (M.D. Pa. May 5, 2010) (Caputo, J.); *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co., Ltd.*, 2010 WL 430817, at *2 (D. Del. Feb. 4, 2010) ("A court may grant a motion to certify and issue an amended order *after* an initial ruling on the merits.") (citing James Wm. Moore et al., Moore's Federal Practice § 203.32[1] (3d ed. 2009)) (emphasis in original). The time for Allstate to file its petition with the Third Circuit runs from the date of entry of this Order. *See Matter of Hamilton*, 122 F.3d at 14 (citing Fed. R. App. P. 5(a)).

lies within the sound discretion of the district court. *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 320 (E.D. Pa. 1994) (citing *Del. Valley Toxics Coal. v. Kurz-Hastings, Inc.*, 813 F. Supp. 1132, 1142 (E.D. Pa. 1993)). However, the district court should exercise its discretion mindful of the strong policy against piecemeal appeals. *Link v. Mercedes-Benz of N. Am.*, 550 F.2d 860, 863 (3d Cir. 1977), *cert. denied*, 431 U.S. 933 (1977). The burden is on the movant to demonstrate that such an appeal is warranted. *Orson, Inc.*, 867 F. Supp. at 320 (citing *Rottmund v. Cont'l Assur. Co.*, 813 F. Supp. 1104, 1112 (E.D. Pa. 1992)).

Section 1292(b) "imposes three criteria for the district court's exercise of discretion to grant a § 1292(b) certificate." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). "The order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance the ultimate termination of the litigation.'" *Id.* (quoting § 1292(b)). A "district court should certify an order for immediate appeal only if all three requirements are met." *Orson, Inc.*, 867 F. Supp. at 321 (citing *Piazza v. Major League Baseball*, 836 F. Supp. 269, 271 (E.D. Pa. 1993)).

### III. Discussion

As explained below, the Court finds that the requirements set forth in § 1292(b) have been satisfied, and that an interlocutory appeal is warranted in this case. Accordingly, Allstate's Motion will be granted.

First, the Court concludes that its prior Order involves a "controlling question of law," thereby satisfying the first statutory criterion. A question of law is controlling if: (1) an incorrect disposition would constitute reversible error; or (2) it is serious to the conduct of the litigation, either practically or legally. *Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co.*, No. 05-281, 2011 WL 1044864, at *2 (E.D. Pa. Mar. 23, 2011) (citing *Katz*, 496 F.2d at 755). "[O]n the practical level, saving of time of the

district court and of expense to the litigants was deemed by the sponsors [of 28 U.S.C. § 1292(b)] to be a highly relevant factor." *Katz*, 496 F.2d at 755 (citation omitted). Here, there is no doubt that the present matter involves a controlling question of law: If the Court's prediction concerning whether the Pennsylvania Supreme Court would find the Policy's examination requirement violative of Pennsylvania public policy is later deemed to be incorrect, the Court's disposition of Allstate's Motion to Dismiss with respect to Counts I and II would almost certainly constitute reversible error. Moreover, considering that this case involves a putative class action which will likely demand significant resources from both the parties and the Court, and considering that the only claims remaining are contained in Counts I and II, there are substantial practical reasons for granting this interlocutory appeal as well.

Second and relatedly, the Court finds that an immediate appeal will also "materially advance the ultimate termination of the litigation." "Several factors are pertinent in determining whether an immediate appeal would materially advance the ultimate termination of the litigation, including: (1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties." *Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 387 (M.D. Pa. 2007) (citing *Interwave Tech., Inc. v. Rockwell Automation, Inc.*, No. Civ.A. 05-398, 2006 WL 401843, at *6 (E.D. Pa. Feb. 16, 2006)). Of course, if this Court's prior opinion with respect to the Policy's examination requirement were to be reversed, the need for trial would be eliminated entirely, as only Counts I and II remain. Additionally, as this case is still in the early stages of litigation, the need for discovery could also be eliminated pending the outcome of the appeal.

Lastly, the Court concludes that there is a "substantial ground for difference of opinion" as to the correctness of the Court's Order with respect to the denial of Allstate's Motion to Dismiss as to Counts I and II. A substantial ground for difference of opinion

4

about a particular issue exists "when the matter involves 'one or more difficult and pivotal questions of law not settled by controlling authority.'" *Nationwide Life Ins. Co.*, 2011 WL 1044864, at *2 (quoting *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984)); *see also Cuttic v. Crozer-Chester Med. Ctr.*, 806 F. Supp. 2d 796, 804-05 (E.D. Pa. 2011) ("[S]ubstantial grounds for difference of opinion exist where there is general doubt or conflicting precedent as to the correct legal standard.") (citations omitted). "The clearest evidence of 'substantial grounds for difference of opinion' is where 'there are conflicting interpretations from numerous courts.'" *Knopick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) (quoting *Beazer E., Inc. v. The Mead Corp.*, No. Civ.A. 91-0408, 2006 WL 2927627, *2 (W.D. Pa. Oct. 12, 2006)). Moreover, the absence of controlling law on a particular issue can constitute "substantial grounds." *See Chase Manhattan Bank v. Iridium Afr. Corp.*, 324 F. Supp. 2d 540, 545 (D. Del. 2004). Here, as the Court recognized previously, the Pennsylvania Supreme Court has not directly weighed in on this specific issue, and therefore there is an absence of controlling law. Additionally, as noted in the Court's prior Memorandum, the opinion of the district court in *Williams v. Allstate Insurance Co.*, 595 F. Supp. 2d 532 (E.D. Pa. 2009), directly conflicts with the portion of this Court's May 10, 2017 Memorandum and accompanying Order which Allstate now seeks to certify for interlocutory appeal. Furthermore, although this Court does not find the holding of the Pennsylvania Superior Court in *Fleming v. CNA Insurance Cos.*, 597 A.2d 1206 (Pa. Super. Ct. 1991), to be on point or particularly persuasive, the Court recognizes that the Superior Court's decision to affirm the lower court's order compelling an IME was based on the existence of a policy provision similar to that of Allstate's examination requirement. The Court further recognizes that some Pennsylvania state courts have cited to *Fleming* as approving of policy provisions akin to Allstate's examination requirement, while others have found *Fleming* to be inapposite. *See Sayles*, 2017 WL 1928408, at *10-*11 & n.11. Consequently, not only is there an absence of controlling law on this particular issue, but there are also conflicting interpretations from multiple courts.

Accordingly, the Court finds that Allstate has satisfied the statutory criteria set forth in § 1292(b). Considering the potential scope of this lawsuit and the unsettled nature of this legal question, the Court believes this is the type of "exceptional case" warranting an interlocutory appeal. *See Nationwide Life Ins. Co.*, 2011 WL 1044864, at *2. Furthermore, the Court concludes that a stay is appropriate in this case because the issues awaiting resolution are dependent upon the outcome of the certified appeal.

### IV. Conclusion

For the above stated reasons, Defendant Allstate's Motion for Certification for Interlocutory Appeal will be granted.

An appropriate order follows.

July 13, 2017 /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge