UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SAMANTHA SAYLES, *Individually* :
*and on behalf of all others*
*similarly situated*,  :  CIVIL ACTION NO. 3:16-1534

      Plaintiffs  :  (MANNION, D.J.)
                               (CARLSON, M.J.)

  v.  :

ALLSTATE INSURANCE  :
COMPANY,

        :

      Defendant

        :

## MEMORANDUM

Pending before the court is the plaintiff's appeal of United States Magistrate Judge Martin C. Carlson's order denying her motion to compel discovery. (Doc. 125).

In considering the plaintiff's appeal, Local Rule 72.2 provides:

> Any party may appeal from a magistrate judge's order determining a non-dispositive pretrial motion or matter in any civil or criminal case in which the magistrate judge is not the presiding judge of the case, within fourteen (14) days after issuance of the magistrate judge's order, unless a different time is prescribed by the magistrate judge or a [district] judge. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, a written statement of appeal which shall specifically designate the order, or part thereof, appealed from and the basis for any objection thereto. At the time the appeal is filed, the appellant shall also file a brief addressed to the issue raised by

>    the objection to the order or part appealed from. Any party opposing the appeal shall file a responsive brief within fourteen (14) days after service of the appellant's brief. A brief in reply may be filed within seven (7) days after service of the opposing party's brief. A [district] judge of the court shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. The [district] judge may also reconsider *sua sponte* any matter determined by a magistrate judge under this rule.

Local Rule 72.2. Thus, when reviewing Judge Carlson's ruling, this court must set aside or reverse any finding that is clearly erroneous or contrary to law. The clearly erroneous standard is met when the determination "(1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 92 (3d Cir. 1992), *as amended* (Sept. 17, 1992) (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1302 (3d Cir. 1972)). Judge Carlson's ruling, then, is accorded significant deference.

      Turning then to the matter at hand, the plaintiff filed a motion to compel class certification discovery. (Doc. 109). In considering the plaintiff's motion, Judge Carlson provided a thorough factual and procedural history which need not be fully repeated herein. Suffice it to say that a discovery dispute arose wherein Allstate argued that any putative class claims that accrued before June 30, 2012, were barred by a four-year statute of limitations, and the plaintiff argued that the discovery rule potentially applied to toll the statute

of limitations. The action was referred to Judge Carlson for mediation. (Doc. 79). Judge Carlson held a telephonic conference after which he entered an order directing Allstate to provide the plaintiff with the requested discovery from 2004-2012 or the nearest relevant time period. (Doc. 82). Following production of the data, the plaintiff was permitted to conduct a Rule 30(b)(6) designee deposition concerning issues of the data searching process and the statute of limitations.

Subsequently, the parties were directed to confer and provide Judge Carlson with a proposed case management plan with discovery, motions, pretrial and trial deadlines. (Doc. 83). In accordance with that order, the parties submitted a proposed plan (Doc. 84), and Judge Carlson entered a case management order adopting the parties' proposed deadlines (Doc. 86). Included in those deadlines was a discovery deadline of March 17, 2022.

On January 19, 2022, well before the expiration of the discovery deadline, the plaintiff filed a motion for class certification (Doc. 89). A briefing schedule was set, and on October 19, 2022, Judge Carlson issued a report recommending that the plaintiff's motion to certify be denied. (Doc. 104)[1]. It

---

[1] Judge Carlson's report recommending denial of the motion for class certification is pending before the court and will be addressed separately.

was not until after Judge Carlson issued his report recommending that the plaintiff's motion for class certification be denied that the plaintiff filed the motion to compel additional class certification discovery which is the subject of this appeal.

In considering the plaintiff's motion to compel, Judge Carlson found that good cause does not exist to re-open discovery. Initially, Judge Carlson found that at least some of the discovery now sought to be compelled by the plaintiff is discovery that she admittedly never specifically sought in her initial discovery requests. Moreover, Judge Carlson found the motion is untimely having been filed some eight months after the close of discovery in this matter. Finally, relying on the evidence outlined in his report and recommendation, Judge Carlson found that the discovery the plaintiff seeks to compel will not alter the outcome of the class certification determination. Having concluded that the motion is disproportionate, untimely, and lacking in merit, Judge Carlson denied the motion.

In her appeal, the plaintiff challenges each aspect of Judge Carlson's decision. Taking plaintiff's arguments out of turn, plaintiff objects to Judge Carlson's finding that her motion to compel is untimely. Upon review, this objection is easily disposed of.

Initially, despite Judge Carlson's finding, the plaintiff argues that she is not seeking to "reopen" discovery but is seeking to compel Allstate to comply with previously served timely discovery demands. The plaintiff makes this argument even though it was directed that discovery was to close on March 17, 2022, eight months prior to her motion. Plaintiff further makes this argument despite her own statement in the motion to compel that some of the materials sought were not part of the initial demands.

Further in support of this objection, plaintiff argues that because her initial discovery request was made prior to the expiration of the discovery deadline and the case management order did not have a specific deadline for filing a motion to compel related to discovery, her motion to compel cannot be considered untimely. Plaintiff apparently misses the point of the case management order discovery deadline. The case management order set March 17, 2022, as the deadline for the close, i.e., the completion, of all fact discovery. To the extent plaintiff was unsatisfied with the responses she received from Allstate to her initial timely discovery requests, she was to attempt to resolve the matter, including filing the motion to compel, if necessary, prior to March 17, 2022. If plaintiff was in need of additional time to resolve the discovery matter, in accordance with the case management order, she should have made a request for an extension of the discovery

deadline prior to it expiring. Without explanation, rather than attempting to resolve any discovery disputes she had prior to the expiration of the deadline, plaintiff instead proceeded to file a motion for class certification. It wasn't until after Judge Carlson's adverse recommendation on the motion to certify that plaintiff raised the discovery dispute issue claiming that she did not receive the materials she needed to support her motion for class certification. Plaintiff's motion is too little, too late. Judge Carlson acted properly and within his discretion in denying the motion to compel as untimely.

      Judge Carlson's decision to deny the plaintiff's motion to compel can be affirmed on the timeliness issue alone. However, the court has reviewed the plaintiff's remaining objections to Judge Carlson's findings that the discovery would not change the outcome of the class certification and that discovery would be burdensome. Having thoroughly reviewed the plaintiff's arguments and the defendant's responses thereto, as well as Judge Carlson's Memorandum Opinion and Order and the bases for his conclusions, this court agrees with the sound reasoning that led Judge Carlson to his conclusions. Further, the court finds that Judge Carlson's

conclusions were not clearly erroneous or contrary to law. Therefore, the court will affirm Judge Carlson's September 15, 2023, ruling in its entirety, and **DENY** the plaintiff's appeal. An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: March 8, 2024**
16-1534-04