UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMANTHA SAYLES, *Individually and on behalf of all others similarly situated*, | : | |
| | : | CIVIL ACTION NO. 3:16-1534 |
| Plaintiffs | : | (MANNION, D.J.) |
| | : | (CARLSON, M.J.) |
| v. | : | |
| ALLSTATE INSURANCE COMPANY, | : | |
| | : | |
| Defendant | : | |
| | : | |

## MEMORANDUM

Pending before the court is the report of United States Magistrate Judge Martin C. Carlson which recommends that the plaintiff's motion for class certification be denied. (Doc. 104). The plaintiff has filed objections to Judge Carlson's report. (Doc. 114). Upon review of the record, including the plaintiff's motion for class certification and related materials, Judge Carlson's report and recommendation, and the plaintiff's objections thereto, the plaintiff's objections will be **OVERRULED,** and the report and recommendation of Judge Carlson will be **ADOPTED IN ITS ENTIRETY** as the decision of the court.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Judge Carlson has provided a thorough factual background and procedural history of this matter with which the parties are intimately familiar. As such, they need not be repeated herein. Relevant to this decision, the plaintiff is attempting to certify a class which she defines as follows:

> All persons injured in motor vehicle accidents and insured under Pennsylvania auto insurance policies issued by defendant which provided for medical benefits coverage whom defendant required or directed to submit to insurance physical exams without Court order directing insured to submit to physical exams and who then had medical benefits denied based on defendant's medical exam actions.

(Doc. 89).

The plaintiff argues that there are 151 individuals who fall into this defined putative class satisfying all the requirements of Fed.R.Civ.P. 23(a) and (b).[1] The record, as it stands before the court, demonstrates that between 2004 and 2019, there were 151 instances wherein Allstate issued letters to customers directing the customers to submit to an independent medical examination ("IME") as a condition to consideration of an injury claim without first obtaining a court order based upon a showing of good cause.

---

[1]Judge Carlson has set forth the standard for meeting Rule 23's class certification requirements (Doc. 104, pp. 8-15). The plaintiff takes no issue with Judge Carlson's report in this regard. The court adopts that standard as if fully set forth herein.

Out of the 151 customers to whom this letter was sent, 137 attended the IME, two refused, and twelve did not attend the IME.

Of the 137 customers who attended the IME, the materials demonstrate that 130 did not dispute the results of the IME. The remaining seven disputed the results and filed lawsuits all of which have been resolved. The two persons who refused the IME also filed lawsuits and those lawsuits have been resolved as well.

The record demonstrates that there are twelve putative class plaintiffs who received a letter from Allstate directing them to submit to an IME, but who chose not to attend. Of these, Allstate provides that one was not denied benefits. This leaves eleven potential putative class plaintiffs.[2]

Considering the above information in relation to the requirements of Rule 23, Judge Carlson found that the interrelated questions of ascertainability, commonality, numerosity, and lack of predominance preclude class certification in this case. The plaintiff objects to each of Judge Carlson's findings on commonality, ascertainability, numerosity and predominance. In doing so, at least to some extent, the plaintiff cites to

---

[2] Allstate argues that three of these insureds' claims are time-barred. The plaintiff disputes this.

Allstate's refusal to provide complete class related discovery responses as support for why Judge Carlson erred when he found that the class certification requirements were not met. While the plaintiff indicates that "[m]otions [for discovery] have been filed with the court", and she refers on occasion to Allstate's "outstanding" discovery responses, the window for additional class related discovery has closed.

      The plaintiff does not contend that it was anyone's burden but her own to show by a preponderance of the evidence that class certification was appropriate at the time she filed her motion to certify. Upon review of the record, the plaintiff had served Allstate with timely discovery requests. According to the plaintiff, Allstate did not provide adequate responses to those requests. Despite this, the plaintiff apparently did not follow up with Allstate for additional responses, nor did she seek assistance from the court in that regard. Instead, the plaintiff filed the instant motion to certify the class. The record demonstrates that it was only after the plaintiff filed her motion to certify the class and Judge Carlson issued the pending report recommending that certification be denied that the plaintiff then filed a motion to compel Allstate to produce the information which she contends supports her motion to certify. However, the plaintiff's motion to compel came some eight months after the close of discovery in this case, and Judge Carlson denied that

motion as untimely, disproportionate, and lacking in merit. The plaintiff appealed Judge Carlson's decision denying her motion to compel. By separate memorandum and order, this court has denied the plaintiff's appeal and affirmed Judge Carlson's decision as entirely appropriate and within his discretion. Thus, to the extent that the plaintiff relies in any way on the class related discovery issue to support her objections to Judge Carlson's report, the plaintiff's objections are overruled.

Aside from the discovery issue, as set forth in Judge Carlson's report, Rule 23's requirements are conjunctive. The plaintiff must establish by a preponderance of the evidence that all the necessary Rule 23 requirements have been fulfilled. If plaintiff fails to meet her burden on any necessary requirement, her motion to certify the class is appropriately denied.

In considering the plaintiff's motion to certify, Judge Carlson found that plaintiff had failed to demonstrate the element of commonality and relatedly the element of ascertainability by a preponderance of the evidence. To this extent, Judge Carlson found that it could not be demonstrated by the evidence produced by the plaintiff that all purported class members had benefits denied based on Allstate's IME actions. The evidence presented demonstrated that 130 of the 151 putative class members were directed to undergo an IME and did so without ever challenging the results. There was

no evidence presented as to whether any of these 130 were wrongfully denied benefits after their IME. Given that denial of benefits was an essential element of the defined class, Judge Carlson determined that the absence of any information as to these 130 purported class members restricted the court from concluding that that their situations shared any common and ascertainable elements. This court agrees. The plaintiff presented her purported class definition. She claims that 151 individuals fit into that definition. However, the plaintiff failed to present sufficient evidence to support whether 130 of those individuals fit within the purported definition. Any challenge the plaintiff makes to this finding is overruled. Moreover, because the plaintiff failed to meet the commonality and related ascertainability requirements, her motion to certify can be denied without further analysis of the remaining conjunctive elements.[3]

Alternatively, if the court should agree with Judge Carlson's determination that class certification should be denied on the defined class,

---

[3] The court notes, however, that it has reviewed Judge Carlson's findings with respect to the remaining elements, as well as the plaintiff's objections thereto, and accepts the findings in their entirety. As such, any objections to the remainder of Judge Carlson's report are overruled and Judge Carlson's finding in this regard will be adopted in their entirety as the decision of the court.

the plaintiff argues that this court should modify the class definition and certify a class based on the modified class definition. While the court has broad discretion to modify class definitions, it declines to do so here. Initially, prior to filing her motion to certify, plaintiff was apparently aware of discovery issues which rendered her unable to meet Rule 23's requirements for certification on her purported class definition, yet she proceeded to seek class certification in any event. Moreover, the plaintiff has only sought modification of the class definition in response to Judge Carlson's report recommending her motion to certify be denied because she failed to meet her burden for certification on the definition she proposed. Finally, the court finds modification of the class definition would be futile because, as discussed by Judge Carlson, the plaintiff has failed to establish that the class action device is superior to other methods to adjudicate the claims in this case.

Considering the above, an appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: March 8, 2024**
16-1534-05